**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ALLEN CHERIE,                §<br>    Plaintiff,              §<br>vs.                           §    Civil Action No. 3:15-CV-2785-G (BH)<br>                              §<br>WELLS FARGO BANK, N.A. as     §<br>Trustee on Behalf of the Registered §<br>Certificate Holders of Trust 2004-FF4, §<br>Mortgage Pass-Through Certificates, §<br>Series 2004-FF4,              §<br>    Defendant.             §    Pretrial Management | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management. Before the Court for recommendation is *Defendant's Rule 41(b) Motion to Dismiss, or in the Alternative, Motion for Leave to file a Motion to Dismiss*, filed December 4, 2015 (doc. 10). Based on the relevant filings and applicable law, the motion and alternative motion should be denied.

### I. BACKGROUND

On August 12, 2015, the *pro se* individual plaintiff filed this case in her capacity as the executrix of a trust in state court, seeking to quiet title to the property located at 628 Regalwood, Desoto, Texas. (*See* doc. 1-4 at 2.)[1] The defendant removed the action to federal court on August 26, 2015, alleging federal question jurisdiction. (*See* doc. 1.) By *Notice of Deficiency and Order* dated August 27, 2016, the plaintiff was advised that she could not represent a trust *pro se*, and that the trust must obtain legal counsel within 20 days, or its claims would be subject to dismissal. (*See* doc. 5.) The order also specifically advised her that to the extent that she sought to assert her own individual claims against the defendant, she could file an amended complaint within 20 days that asserted her

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

personal claims *only*. (*Id.*) The plaintiff filed a second amended complaint that purported to assert only her claims on September 24, 2015. (*See* doc. 8.)

On December 4, 2015, the defendant moved to dismiss the second amended complaint on grounds that it does not comply with the Court's order. (*See* doc. 10.) It claims that the amended complaint does not assert the plaintiff's own personal claims, but rather, continues to assert the claims of the trust. (*See id.* at 2.) It notes that the only changes between the original and the amended complaints are to the names in the caption and opening paragraph, and the deletion of references to the trust. (*Id.*) It also argues that the plaintiff has no standing to assert any individual claims because the property at issue was deeded to the trust. (*Id*. at 3.)

## II.  MOTION TO DISMISS

Defendant moves to dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order. (*See* doc. 10.)

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, proper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Here, the plaintiff was ordered to file an amended complaint that asserted only her own individual claims against the defendant, and not those of the trust. It is undisputed that the plaintiff did file an amended complaint that purported to assert only her own individual claims. It names her as the petitioner rather than the trust, and it asserts that she never received the required notices, that she owns the property, that the deed of trust interferes with her title, and she has incurred costs associated with defending against the defendant. She has therefore complied with the Court's order.

2

The defendant essentially claims that the plaintiff did not comply with the order because the amended complaint fails to state a claim on her own behalf and because she lacks standing to bring any individual claims against it. These types of challenges typically arise under Rule 12. *See* Fed. R. Civ. P. 12(b)(6) (providing for dismissal for failure to state a claim); *Andrade v. Countrywide KB Home Loans et al.*, No. 3:14-CV-3969-K, 2015 WL 5164812, *4 (N.D. Tex. Sept. 1, 2015) (a dismissal for lack of constitutional standing should be granted under Rule 12(b)(1) but a dismissal for lack of prudential or statutory standing should be granted under Rule 12(b)(6)). The "procedural safeguards are surer" in the context of a dispositive motion under Rule 12 or Rule 56 than under Rule 41(b). *See Lefevre, et al. v. Connextions, Inc., et al.,* No. 3:13-CV-1780-D, 2014 WL 101998, *1-2 (N.D. Tex. Jan. 8, 2014) (noting the Court's practice of addressing the merits of causes of action in the context of Rules 12 or 56, "where the procedural safeguards are surer", rather than in the context of motions for leave to amend under Rule 15(a)).

The motion to dismiss under Rule 41(b) should be denied.

### III.  ALTERNATIVE MOTION FOR LEAVE

The defendant requests, in the alternative, leave to file a motion to dismiss. (*See* doc. 10 at 4.) The entirety of its briefing states: "[i]n the alternative, Defendant requests leave to file a motion to dismiss Plaintiff's Amended Petition on the basis that Plaintiff lacks standing to file this lawsuit, among other reasons." (*Id.*) To the extent it seeks to file a motion to dismiss as permitted by Rule 12, leave is unnecessary. To the extent that it seeks to file a motion to dismiss in a manner not permitted by Rule 12, or by any other authority, it has not asserted any legal support, authority or other basis to show that it is entitled to that relief. The alternative motion for leave should also be denied.

3

## IV.  RECOMMENDATION

Because the plaintiff arguably complied with the Court's order to amend her petition to only state her personal claims, the defendant's motion to dismiss the Fed. R. Civ. P. 41(b) for failure to comply with a court order should be denied.  The alternative motion for leave to file a motion to dismiss should also be denied as unnecessary or unfounded.

**SO RECOMMENDED on this 16th day of May, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4