UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERIE ALLEN, as Executrix for Fahamme Nation of Nations Foundation Trust, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | 3:15-CV-2785-G |
| VS. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., as Trustee on Behalf of the Registered Certificate Holders of Trust 2004-FF4, Mortgage Pass-Through Certificates, Series 2004-FF4, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the cross-motions for summary judgment of the defendant

Wells Fargo Bank, N.A., as Trustee on Behalf of the Registered Certificate Holders of

Trust 2004-FF4, Mortgage Pass-Through Certificates, Series 2004-FF4 ("Wells

Fargo") (docket entry 32), and the *pro se* plaintiff Cherie Allen ("Allen") (docket entry

35).  For the reasons stated below, Wells Fargo's motion is granted, and Allen's

motion is denied.

## I.  BACKGROUND

On March 12, 2004, David Henderson and Kathy Henderson ("the Hendersons") secured a loan in the amount of $160,000 to purchase a home at 628 Regalwood Drive, DeSoto, Texas, 75115 ("the Property").  Appendix in Support of Defendant's Motion for Summary Judgment ("Defendant's Appx.") at App. 010-028 (docket entry 34).  On October 21, 2014, the Hendersons conveyed the Property to the Fahamme Nation of Nations Foundation Trust ("the Fahamme Trust").  *Id*. at 030.  On June 2, 2015, Wells Fargo purchased the Property at a non-judicial foreclosure sale and secured a substitute trustee's deed.  Brief in Support of Defendant's Motion for Summary ("Motion") at 3; Defendant's Appx. at 034-036.

On August 12, 2015, Allen filed this case in the 44th Judicial District Court of Dallas County, Texas, against Wells Fargo in her alleged capacity as the "Executrix of the Fahamme Nation of Nations Foundation Trust[.]"  Notice of Removal ("Removal") ¶ 1 (docket entry 1); *see also* Petitioner's Verified Original Petition for Trespass to Try Title, Request for Disclosures, and Application or Motion by Special Deposit Incorporated by Affiant's Uncontested Affidavit in Support Thereof ("Petition") (docket entry 1-4).  Allen asserted claims for quiet title and unlawful foreclosure, as well as violations of the Texas Penal Code and 15 U.S.C. § 7003.  See generally *id.*  On August 26, 2015, Wells Fargo removed the action to this court

based on federal question and diversity jurisdiction.[1]  Removal ¶¶ 11, 14.  On

September 20, 2015, Allen allegedly obtained a quitclaim deed from the Fahamme

Trust.  Defendant's Appx. at 042.  On September 24, 2015, Allen amended her

complaint after the court ordered her to replead only her personal claims as she could

not represent a trust in this action without legal representation.  *See* Notice of

Deficiency and Order (docket entry 5); Second Amended Petition to Remove

Fahamme Nation of Nations Foundation Trust Add Temporary Restraining Order

and Petitioner's Verified Original Petition for Trespass to Try Title, Request for

Disclosures, and Application or Motion by Special Deposit Incorporated by Affiant's

Uncontested Affidavit in Support Thereof (docket entry 8).

### A.  Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show

that no genuine issue exists as to any material fact, and that the moving party is

---

[1]      Allen asserts that Wells Fargo violated 15 U.S.C. § 7003 because the substitute trustee's deed was electronically recorded.  Second Amended Petition to Remove Fahamme Nation of Nations Foundation Trust Add Temporary Restraining Order and Petitioner's Verified Original Petition for Trespass to Try Title, Request for Disclosures, and Application or Motion by Special Deposit Incorporated by Affiant's Uncontested Affidavit in Support Thereof at 8.  Wells Fargo, on the other hand, argues that 15 U.S.C. § 7003 is "inapplicable" in the present case as Texas state law modifies, limits and supersedes that statute.  Motion at 9.  The court agrees and thereby only exercises diversity jurisdiction over this case.  *See* Uniform Real Property Electronic Recording Act, TEX. PROP. CODE § 15.000, *et seq.*

entitled to judgment as a matter of law. FED. R. CIV. P. 56.[2] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant make this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 323-24. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, she must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. All of the evidence must be viewed, however, in a light most favorable to the motion's opponent. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

---

[2]     The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

B.  Standing

Wells Fargo maintains that Allen has no valid ownership claim to the Property,

and that she lacks standing to challenge the foreclosure sale of the Property.  Motion

at 1, 4-7.  The sale of the Property to Wells Fargo on June 2, 2015 extinguished any

interest in the Property held by the Fahamme Trust.  See *O'Meara v. Moore*, 178

S.W.2d 510, 513 (Tex. 1944).  Thus, the quitclaim deed executed on September 20,

2015 by the putative representative of that trust was ineffective and did not convey

the Property to Allen.  Moreover, Allen has provided no evidence that the signer of

the quitclaim deed had legal authority to convey the Property on behalf of the

Fahamme Trust.  Furthermore, the Dallas Central Appraisal District recognizes Wells

Fargo as the current record owner of the Property.  *See* Defendant's Appx. at 040.

Allen has submitted no evidence that she is the mortgagor or a party who is in privity

with the mortgagor.  Thus, Allen has no standing to challenge the foreclosure sale and

was not entitled to notice of that sale.  See *Goswami v. Metropolitan Savings and Loan

Association*, 751 S.W.2d 487, 489 (Tex. 1988) (citations omitted); Tex. Prop. Code

§ 51.002.  Under Texas law, Allen lacks standing to bring her claims against Wells

Fargo.

III.  CONCLUSION

For the reasons stated above, Wells Fargo's motion is **GRANTED**, and Allen's

motion is **DENIED**.  Judgment will be entered for Wells Fargo.

**SO ORDERED**.

September 22, 2016.

_____

**A. JOE FISH**
**Senior United States District Judge**